UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

UNITED STATES OF AMERICA,                    CR. NO.: 15-68 (ADM/FLN)

                          Plaintiff,

                                             **DEFENDANT'S PROPOSED**
v.                                           **JURY INSTRUCTIONS**

GARY ALLEN KACHINA,

                          Defendant.

_____

Defendant, Gary Allen Kachina, by and through his attorneys, respectfully

proposes the following jury instructions:

No. 1      Introduction to the Final Charge—Province of the Court and of the Jury.
No. 2      Judging the Evidence.
No. 3      Evidence Received in the Case—Stipulations, Judicial Notice, and
           Inferences Permitted.
No. 4      Direct and Circumstantial Evidence.
No. 5      Inferences From the Evidence.
No. 6      Jury's Recollection Controls.
No. 7      Consider Only the Offense Charged.
No. 8      Presumption of Innocence, Burden of Proof, and Reasonable Doubt.
No. 9      Opinion Evidence—The Expert Witness.
No. 10     Credibility of Witness—Generally.
No. 11     Credibility of Witness—Testimony of an Informant.
No. 12     Credibility of Witness—Inconsistent Statement.
No. 13     Effect of the Defendant's Failure to Testify.
No. 14     The Indictment is Not Evidence.
No. 15     The Nature of the Offense Charged—Count 1.
No. 16     The Essential Elements of the Offense Charged—Burden of Proof.
No. 17     Knowingly—Defined.
No. 18     Self Defense.
No. 19     Necessity Defense.
No. 20     Theory of Defense.
No. 21     Verdict—Election of Foreperson—Duty to Deliberate—
           Unanimity—Punishment—Form of Verdict—Communication With
           the Court.

1

## INSTRUCTION NO. 1

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel have quite properly referred to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that given in these instructions of the Court just as it would be a

violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea of Not Guilty by the defendant.

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

1A FED. JURY PRAC. & INSTR. § 12:01 (6th ed.).

## INSTRUCTION NO. 2

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence.  You are expected to use your good sense in considering and evaluating the evidence in the case.  Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so.  If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court.  Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

1A FED. JURY PRAC. & INSTR. § 12:02 (6th ed.).

## INSTRUCTION NO. 3

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated; and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved.  You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events.  When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed.  You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case.

You are to base your verdict only on the evidence received in the case.  In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits.  In other words, you are not limited

solely to what you see and hear as the witnesses testify or as the exhibits are admitted.  You

are permitted to draw from the facts which you find have been proved such reasonable

inferences as you feel are justified in the light of your experience and common sense.

1A Fed. Jury Prac. & Instr. § 12:03 (6th ed.).

## INSTRUCTION NO. 4

There are two types of evidence which are generally presented during a trial—direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.  After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find him Not Guilty.

1A FED. JURY PRAC. & INSTR. § 12:04 (6th ed.).

## INSTRUCTION NO. 5

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

1A FED. JURY PRAC. & INSTR. § 12:05 (6th ed.).

**INSTRUCTION NO. 6**

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

1A FED. JURY PRAC. & INSTR. § 12:07 (6th ed.).

## INSTRUCTION NO. 7

The defendant is not on trial for any act or any conduct not specifically charged in the indictment.

1A FED. JURY PRAC. & INSTR. § 12:09 (6th ed.); United States v. Grimaud, 220 U.S. 506, 518-19 (1911);  United States v. Christo, 614 F.2d 486, 492 (5th Cir. 1980);  United States v. Stefan, 784 F.2d 1093, 1099 (11th Cir. 1986);  United States v. Wolf, 820 F.2d 1499, 1505 (9th Cir. 1987).

## INSTRUCTION NO. 8

I instruct you that you must presume the Defendant Gary Allen Kachina to be innocent of the crimes charged.  Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate"—with no evidence against him.  The indictment, as you already know, is not evidence of any kind.  The defendant is, of course, not on trial for any act or crime not contained in the indictment.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant.  The presumption of innocence alone, therefore, is sufficient to acquit Gary Allen Kachina.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that Gary Allen Kachina has committed each and every element of the offense charged in the indictment, you must

find Gary Allen Kachina Not Guilty of the offense.  If the jury views the evidence in the

case as reasonably permitting either of two conclusions—one of innocence, the other of

guilt—the jury must, of course, adopt the conclusion of innocence.

1A FED. JURY PRAC. & INSTR. § 12:10 (6th ed.).

# INSTRUCTION NO. 9

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those witnesses who are described as "expert witnesses". An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other evidence, including that of other "expert witnesses", you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

1A Fed. Jury Prac. & Instr. § 14:01 (6th ed.).

## INSTRUCTION NO. 10

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves.  After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief.  Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand.  Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters.  Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony.  Two or more persons witnessing an incident or a transaction may simply see or hear it differently.  Innocent miss recollection, like failure of recollection, is not an uncommon human experience.  In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider

whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves.  You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

*[The testimony of a defendant should be judged in the same manner as the testimony of any other witness.]*

1A Fed. Jury Prac. & Instr. § 15:01 (6th ed.).

## INSTRUCTION NO. 11

The testimony of an informant, someone who provides evidence against someone else for money, or to escape punishment for his own misdeeds or crimes, or for other personal reason or advantage, must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.

_____ may be considered to be an informant in this case.

The jury must determine whether the informer's testimony has been affected by self-interest, or by the agreement he has with the government, or his own interest in the outcome of this case, or by prejudice against the defendant.

1A Fed. Jury Prac. & Instr. § 15:02 (6th ed.).

## INSTRUCTION NO. 12

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court.  The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.  It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

*[If a person is shown to have knowingly testified falsely concerning any important or material matter, you obviously have a right to distrust the testimony of such an individual concerning other matters.  You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves].*

1A Fed. Jury Prac. & Instr. § 15:06 (6th ed.).

## INSTRUCTION NO. 13

The defendant in a criminal case has an absolute right under our Constitution not to testify.

The fact that Defendant Gary Allen Kachina did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict.  No inference of any kind may be drawn from the fact that a defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

1A FED. JURY PRAC. & INSTR. § 15:14 (6th ed.).

18

## INSTRUCTION NO. 14

An indictment is only a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

Defendant Gary Allen Kachina has pled "Not Guilty" to this indictment and, therefore, he denies that he is guilty of the charges.

1A FED. JURY PRAC. & INSTR. § 13:04 (6th ed.).

## INSTRUCTION NO. 15

Count 1 of the indictment charges that on or about February 5, 2015, in the State and District of Minnesota, the Defendant, Gary Allen Kachina, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, in and affecting interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

The Defendant has entered a plea of "Not Guilty" and has denied that he is guilty of the offense charge in Count 1 of the indictment.

1A Fed. Jury Prac. & Instr. § 13:01 (6th ed.).

**INSTRUCTION NO. 16**

In order to sustain its burden of proof for the crime of possessing a firearm as charged in Count 1 of the indictment, the government must prove each of the following three (3) essential elements beyond a reasonable doubt:

One, Defendant has been convicted of a crime punishable by imprisonment for a term exceeding one year;

Two, after this conviction Defendant knowingly possessed the firearm described in Count 1 of the indictment; and

Three, such possession was in or affecting interstate or foreign commerce.

For you to find the defendant guilty of this crime, the government must prove all of these essential elements beyond a reasonable doubt, and it must further be proved beyond a reasonable doubt that Defendant was not acting in self-defense as defined in Instruction 18, or that Defendant was not acting out of necessity as defined in Instruction 19, otherwise you must find the defendant not guilty of the crimes charged in the indictment.

1A FED. JURY PRAC. & INSTR. § 39:09 (6th ed.); Model Crim. Jury Instr. 8th Cir. 6.18.922A & 3.09 (2014).

## INSTRUCTION NO. 17

The term "knowingly," as used in these instructions to describe the alleged state of mind of Defendant , means that he was conscious and aware of his action, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake, or accident.

1A FED. JURY PRAC. & INSTR. § 39:15 (6th ed.).

## INSTRUCTION NO. 18

If a person reasonably believes that force is necessary to protect himself from what he reasonably believes to be unlawful physical harm about to be inflicted by another and uses such force, then he acted in self defense.

It is lawful for a person, who has an actual and honest belief, even if mistaken, that bodily injury is about to be inflicted upon the person, to defend from an attack. In doing so, the person may use all force and means that the person reasonably believes to be necessary and that would appear to a reasonable person, in similar circumstances, to be necessary to prevent that injury.

Model Crim. Jury Instr. 8th Cir. 9.04 (2014); <u>Dixon v. United States</u>, 548 U.S. 1 (2006); <u>United States v. Holliday</u>, 457 F.3d 121, 127-28 (1st Cir. 2006); <u>United States v. Leahy</u>, 473 F.3d 401, 408-09 (1st Cir. 2007); <u>United States v. Milk</u>, 447 F.3d 593, 599 (8th Cir. 2006).

## INSTRUCTION NO. 19

Defendant was acting out of necessity if:

One, Defendant believed he was under unlawful and present, imminent, and impending threat of death or serious bodily injury;

Two, Defendant did not negligently or recklessly place himself in a situation where he would be forced to engage in criminal conduct;

Three, Defendant had no reasonable legal alternative to violating the law by taking possession of a weapon; and

Four, there was a direct causal relationship between the criminal action-possessing the weapon in violation of § 922(g)(1)-and the avoidance of the threatened harm.

United States v. Andrade-Rodriguez, 531 F.3d 721, 723 (8th Cir. 2008); United States v. White, 552 F.3d 240, 246-47 (2nd Cir. 2009).

**INSTRUCTION NO. 20**

Defendant Gary Allen Kachina will submit a theory of defense instruction at the conclusion of the evidence.

1A FED. JURY PRAC. & INSTR. § 19.01 (6th ed.).

## INSTRUCTION NO. 21

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it.  Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans.  You are judges—judges of the facts of this case.  Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered.  Nothing that I have said or done during the course of this trial is intended in any way, to somehow suggest to you what I think your verdict should be.  Nothing said in these instructions and nothing in any form of

26

verdict, which has been prepared for your convenience, is to suggest or convey to you in

any way or manner any intimation as to what verdict I think you should return.  What the

verdict shall be is the exclusive duty and responsibility of the jury.  As I have told you many

times, you are the sole judges of the facts.

The punishment provided by law for the offenses charged in the indictment is a

matter exclusively within the province of the Court and should never be considered by the

jury in any way in arriving at an impartial verdict as to the offenses charged.

A form of verdict has been prepared for your convenience.

The form of verdict should be read to the jury.

You will take this form to the jury room and, when you have reached unanimous

agreement as to your verdict, you will have your foreperson write your verdict, date and

sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court,

you may send a note, signed by your foreperson or by one or more members of the jury,

through the bailiff.  No member of the jury should ever attempt to communicate with the

Court by any means other than a signed writing and the Court will never communicate with

any member of the jury concerning the evidence, your opinions, or the deliberations other

than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as

all other persons, are forbidden to communicate in any way or manner with any member of

the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the

Court—how the jury stands, numerically or otherwise, on the question of whether or not the

government has sustained its burden of proof until after you have reached a unanimous

verdict.

1A FED. JURY PRAC. & INSTR. § 20.01 (6th ed.).

Defendant further reserve the right to submit additional Instructions deemed appropriate after the evidence has been received.

Respectfully submitted,

**WOLD MORRISON LAW**

Dated: January 4, 2016.

s/ Peter B. Wold
Peter B. Wold, ID #118382
Aaron J. Morrison, ID #341241
Barristers Trust Building
247 Third Avenue South
Minneapolis, MN  55415
Telephone:  612.341.2525
Facsimile:   612.341.0116
