UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. 15-68 (ADM/FLN)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>.          Plaintiff, )<br>)<br>v.              )<br>)<br>GARY ALLEN KACHINA, )<br>)<br>)<br>Defendant. ) | <br><br>MEMORANDUM OF THE<br>UNITED STATES IN<br>OPPOSITION TO<br>DEFENDANT'S PROPOSED<br>SELF-DEFENSE INSTRUCTION<br><br><br> |

The United States previously demonstrated that the defendant's requested justification instruction (proposed instruction number 19) should be rejected because the Eighth Circuit does not recognize a justification defense in felon in possession of a firearm cases and because it is factually unsupported. Dkt. 59 at 2-3 (citing United States v. El-Alamin, 574 F.3d 915, 924 (8th Cir. 2009).

In apparent response to the government's showing, the defendant now asserts that he intends to rely on "self-defense" rather than "justification" and requests the Court give his proposed instruction number 18, which provides "[i]f a person reasonably believes that force is necessary to protect himself from what he reasonably believes to be unlawful physical harm about to be inflicted by another and uses such force, then he acted in self-defense." The defendant prefers the self-defense instruction to the justification instruction because (a) the self-defense instruction only requires that he reasonably *believed* he was in danger, rather than requiring proof that he *actually* was in danger; and (b) there is no requirement in the self-defense instruction that the defendant had to resort

to reasonable legal alternatives such as going to the police.  For the following reasons, the requested self-defense instruction should be rejected.

First, the undersigned has found no case in which the Eighth Circuit has recognized the concept of self-defense in a felon in possession of a firearm case.

Second, most courts have held that there is no difference between the concepts of self-defense, necessity, and justification.  Rather, these concepts are "often lumped together under the rubrick: 'justification.'"  United States v. Perez, 86 F.3d 735, 736 (7th Cir. 1996); see also United States v. Sahakian, 965 F.2d 740, 741 (9th Cir. 1992) (using terms "self-defense" and "justification" interchangeably); United States v. Leahy, 473 F.3d 401, 406 (1st Cir. 2007) (in felon in possession cases, the defenses of  duress, necessity, and self-defense should be analyzed "under a single, unitary Rubrik: justification").  If self-defense is the same thing conceptually as "justification, and if the Eighth Circuit does not recognize justification as a defense in felon in possession cases, it follows that the Eighth Circuit would not recognize self-defense as a defense either.

Third, in addition to the cases from the Eighth Circuit cited in the government's memorandum, courts in other circuits have been very reluctant to create a "self-defense" or "justification" defense in felon in possession cases for good reasons.  For example, in Perez, the Seventh Circuit, in an opinion authored by Chief Judge Posner, affirmed the District Court's refusal to instruct the jury on the defenses of necessity and duress in a felon in possession case.  Similar to the present case, the defendant claimed he believed there were people waiting outside his apartment who were out to get him.  In Perez, the mystery men were planning to rob him, not kill him as in the present case but the

2

distinction is immaterial in terms of legal analysis. Despite his alleged fear, the defendant, a drug dealer, decided to go to the bank one afternoon to deposit $600 in cash and checks. Afraid of being robbed, he took his girlfriend's pistol from the apartment they shared and put it in his waistband before leaving. Unfortunately for him, police officers saw him and arrested him on an outstanding warrant, discovering the gun in his waistband. Id. at 736-37.

The Seventh Circuit held that, even assuming the defendant genuinely believed he was about to be robbed when he left the apartment, "he has not come close to satisfying the elements of the defense of necessity." The Court continued: "if ex-felons who feel endangered can carry guns, felon in possession laws will be dead letters. . . . Every drug dealer [such as Perez] has a well-grounded fear of being robbed or assaulted, so that if Perez's defense were accepted felon in possession laws would as a practical matter not apply to drug dealers." Id. at 737. In order to avoid such an anomalous result, the court ruled that "only in the most extraordinary circumstances . . . where the defendant had sought protection from the authorities without success, will the defense [of justification] entitle the ex-felon to arm himself in advance of the crisis merely because he fears, however sincerely and reasonably, that he is in serious danger of deadly harm." Id. at 737.

If this Court were to create a self-defense exception to the prohibition on convicted felons possessing guns, Judge Posner's prediction that the felon in possession laws will become dead letters might well be realized. All it would take is for a defendant to claim he reasonably believed he needed a gun for protection from some imagined

3

threat.  It would not matter that the defendant's alleged fear was due to paranoia brought on by excessive methamphetamine consumption, or was the product of some other wrongdoing by the defendant, such as an assault on someone else that led to a fear of retaliation.  Creating a self-defense exception thus would provide a giant loophole in the felon in possession laws for some of the most dangerous felons imaginable – precisely the type of defendants against whom the gun laws should be strictly enforced.

Fourth, the proposed self-defense instruction does not fit the facts of this case in any event.  Eighth Circuit Model Instruction 9.04 states that "[i]f a person reasonably believes that force is necessary to protect himself from what he reasonably believes to be unlawful physical harm about to be inflicted by another and <u>uses such force</u>, then he acted in self-defense." (Emphasis added).  This instruction, of course, is designed for the situation where a victim is about to be beaten or otherwise assaulted by an aggressor and strikes first in order to defend himself.  As described in Mr. Wold's opening statement, there was no such confrontation involved in this case and there will be no evidence that the defendant actually used force against another person, whether in self-defense or otherwise.  The model instruction simply does not apply in this context, which is probably why it has never been recognized by the Eighth Circuit in a felon in possession case.

Finally, one can imagine a situation where a felon's possession of a firearm truly could be justified by necessity.  For example, a felon is walking down the street and a gun wielding robber attempts to mug him.  The felon wrestles the gun away from the assailant and holds the gun on the perpetrator until the police arrive.  But that scenario is

a far cry from the situation presented here. Here, instead of going to the police, the convicted felon -- Mr. Kachina -- armed himself with multiple firearms in advance of any imminent threat and then exacerbated the situation by going out in public with the loaded guns. As Judge Posner wrote in <u>Perez</u>, "when the danger that gives rise to the fear results from [the defendant] . . . 'looking for trouble' -- the defense is barred." <u>Perez</u>, 86 F.3d at 737.

For the foregoing reasons, this Court should reject the defendant's proposed self-defense instruction.

Dated:  January 12, 2016

                    Respectfully submitted,

                    ANDREW M. LUGER
                    United States Attorney

                    *s/ Jeffrey S. Paulsen*

                    BY: JEFFREY S. PAULSEN
                    Assistant U.S. Attorney
                    Attorney ID No. 144332