UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.

Gary Allen Kachina,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 15-68 ADM/FLN

---

Gary Allen Kachina, pro se.

---

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Gary Allen Kachina's ("Kachina") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docket No. 178] ("Motion").  For the reasons set forth below, the Motion is denied.

## II.  BACKGROUND

On January 14, 2016, a jury returned a verdict finding Kachina guilty being a felon in possession of a firearm.  Jury Verdict [Docket No. 79].  Kachina has been sentenced to a prison term of 120 months.  Revised Sentencing J. [Docket No. 161] at 2.

Kachina is incarcerated at the United States Penitentiary in Tucson, Arizona ("USP–Tucson").  His projected release date is November 23, 2023.  See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed May 19, 2020).

Kachina states that he requested a compassionate release from the Bureau of Prisons ("BOP"), and that the BOP has refused to respond to the request for over 30 days.  Mot. at 1.

Kachina now moves for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Kachina, age 37, argues that he suffers from asthma and hypertension, and that these medical conditions place him at a heightened risk of death from the COVID-19 virus.  Mot. at 1–2. Kachina states that if he were released from prison he would reside with his father or aunt and could be placed on home confinement.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[1]

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii).  The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the

---

[1] A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  The Court assumes without deciding that Kachina has satisfied this exhaustion requirement.

community" before a sentence reduction may be granted under § 3582(c)(1)(A).  See U.S.S.G. § 1B1.13(2).

Kachina has not shown that his asthma and hypertension prevent him from providing self-care within the correctional facility where he is housed.  The BOP website shows that USP–Tucson presently has no active cases of COVID-19.  See Federal Bureau of Prisons COVID-19 Resources, https://www.bop.gov/coronavirus/ (last accessed May 19, 2020).  Thus, despite Kachina's assertion that he is at higher risk for complications from the virus, the COVID-19 pandemic is not a sufficiently compelling reason to warrant a sentence reduction.  See United States v. Fry, No. 11-141, 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020) (finding COVID-19 pandemic did not constitute a sufficiently compelling reason to justify a sentence reduction because defendant "must show more than a mere speculation of the possibility of contracting the virus," and there were "no verified incidents of COVID-19 at [defendant's] facility"); United States v. Hamilton, No. 19cr54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020) (denying detainee's request for release  despite detainee's increased risk of COVID-19 complications because there were "no reported incidents of COVID-19 within [detainee's facility] and [BOP] is taking system-wide precautions to mitigate the possibility of infection within its facilities").

In addition to the absence of compelling and extraordinary circumstances, the Court cannot conclude that Kachina "is not a danger to the safety of any other person or to the community."  See U.S.S.G. § 1B1.13(2).  Kachina is a prolific repeat offender, having amassed 12 juvenile convictions and approximately 20 adult convictions over his lifetime, including 10 prior felonies.  Presentence Investigation Report ¶¶ 29–61.

The sentencing factors in § 3553(a) also weigh against reducing Kachina's sentence. These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a). When sentencing Kachina, the Court determined that a 120-month term of imprisonment was necessary to carry out these sentencing goals. Sentencing Hr'g Tr. [Docket No. 168] at 16–18. Releasing Kachina to home confinement more than 3 years before he has completed his sentence would undermine these sentencing considerations.

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Gary Allen Kachina's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) [Docket No. 178] is **DENIED**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  May 19, 2020