UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,
v.

Gary Allen Kachina,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 15-68 ADM/FLN
Civil No. 22-1022 ADM

___

Lisa D. Kirkpatrick, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Gary Allen Kachina, pro se..

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Gary Allen Kachina's ("Kachina") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 221] ("2255 Motion"), Motion for New Trial and to Turn Over New Evidence [Docket No. 236], and Motion for Leave to Amend [Docket No. 243].[1] For the reasons stated below, Defendant's motions are denied.

## II. BACKGROUND

**A. Kachina's Conviction, Sentence, and First Appeal**

On January 14, 1016, after a four-day trial, a jury found Kachina guilty of being a felon in possession of two firearms, in violation of 18 U.S.C. § 922(g)(1). Verdict [Docket No. 79]. On October 21, 2016, the Court sentenced Kachina as an Armed Career Criminal to a term of 210 months based on his four prior burglary convictions. Sentencing J. [Docket No. 121].

___

[1] All citations are to the criminal case docket.

Kachina appealed, challenging: (1) his sentence as an Armed Career Criminal; (2) whether he was competent to stand trial; (3) whether the Government committed discovery violations under Brady v. Maryland, 373 U.S. 83 (1963) by failing to turn over recordings of Kachina's jail phone calls; (4) whether Kachina was entitled to a self-defense instruction; (5) whether the district court should have recused itself; and (6) whether Kachina should have been allowed to proceed pro se at trial. See United States v. Kachina ("Kachina I"), 715 F. App'x 587 (8th Cir. 2018). As to the first issue, the parties agreed that resentencing was warranted because, based on the intervening decision in United States v. McArthur, 850 F.3d 925 (8th Cir. 2017), Kachina's Minnesota burglary convictions no longer qualified as violent felonies for purposes of the Armed Career Criminal Act. Id. at 588. The Eighth Circuit agreed with the parties on this issue, remanded the case for resentencing, and affirmed this Court in all other respects. Id.

**B.  Kachina's Second Appeal**

On remand, the Court held a sentencing hearing on May 23, 2018, and sentenced Kachina to a term of 120 months in prison and 5 years of supervised release. Min. Entry [Docket No. 160]; Resentencing J. [Docket No. 161]. Kachina also appealed his new sentence. His counsel argued that Kachina should have received a reduction for acceptance of responsibility even though he proceeded to trial, and should have received a downward variance based on his alleged mental condition. United States v. Kachina ("Kachina II"), 810 F. App'x 475 (8th Cir. 2020); see also Appeal No. 18-2184, Appellant Br., 7/19/2018 [Entry ID: 4684343] at 13-27. Kachina later moved for and was granted leave to proceed pro se, and filed a supplemental brief challenging his conviction under Rehaif v. United States, 139 S. Ct. 2191 (2019). See Order, 7/30/2019 [Entry ID: 4820964]; Appellant Am. Supp. Br., 8/20/2019 [Entry ID: 4815279].

The Eighth Circuit rejected Kachina's Rehaif claim and again affirmed this Court's sentence of imprisonment, but vacated the supervised release term and remanded "with instructions that the district court impose a term of supervised release of 'not more than three years.'" Kachina II, 810 F. App'x at 476.

On May 28, 2020, this Court issued a re-sentencing judgment that ordered Kachina to serve a three-year term of supervised release. Re-sentencing J. [Docket No. 186]. In June 2020, Kachina filed for a writ of certiorari [Docket No. 200], which the Supreme Court denied on June 21, 2021. See Kachina v. United States, 141 S. Ct. 2806 (2021).

**C. Kachina's § 2255 Motion, Motion for New Trial, and Motion for Leave to Amend**

In April 2022, Kachina filed this 2255 Motion seeking to vacate his conviction and sentence. Kachina initially raised ten grounds for relief, including reasserting his Rehaif claim, a claim under the common law doctrine of "violenti non fit injuria", challenges to 18 U.S.C. § 922(g)(1), claims of ineffective assistance of counsel, and a claim that his right to appellate counsel was violated.

In November 2022, after the Government had filed a response to the 2255 Motion but before Kachina had submitted a reply, Kachina filed a motion for a new trial and seeking access to his recorded jail calls. Kachina argues that the jail call recordings are Brady material that was withheld by the Government despite efforts by his trial attorney to obtain the recordings, and that the evidence likely would have resulted in his acquittal.

On February 6, 2023, after receiving several extensions to the deadline for filing a reply in his 2255 Motion, Kachina submitted a reply in which he withdrew the Rehaif and "violenti non fit injuria" claims (Grounds One and Three), and added two additional claims challenging the constitutionality of § 922(g)(1) (Grounds Eleven and Twelve). See Reply at 1 ("Kachina

3

hereby withdraws Grounds One and Three of the motion and moves for leave to amend the motion to add grounds Eleven and Twelve.").

On February 28, 2023, Kachina submitted a motion [Docket No. 243] for leave to amend the facts supporting Ground Nine of his 2255 Motion.

### III. DISCUSSION

**A. Legal Standards**

**1. 28 U.S.C. § 2255**

Persons in federal custody are provided a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of their sentence under 28 U.S.C. § 2255. See United States v. Addonizio, 442 U.S. 178, 185 (1979). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and if uncorrected, would result in a complete miscarriage of justice." Walking Eagle v. United States, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

Section 2255 generally may not "be used to relitigate matters decided on direct appeal." Sun Bear v. United States, 644 F.3d 700, 702 (8th Cir. 2011) (citing Davis v. United States, 417 U.S. 333, 346–47 (1974)); see also United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981) (per curiam) ("Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.").

**2. Ineffective Assistance of Counsel**

"To establish ineffective assistance of counsel within the context of section 2255 . . . a movant faces a heavy burden." Apfel, 97 F.3d at 1076. A defendant must show that "(1) his attorney's performance failed to conform to the degree of skill, care, and diligence of a

4

reasonably competent attorney; and (2) he was prejudiced by the attorney's poor performance." Pierce v. United States, 686 F.3d 529, 531 (8th Cir. 2012) (citing Strickland v. Washington, 466 U.S. 668 (1984)).

To satisfy the deficient performance prong of this two-part test, a defendant must show that counsel's errors were not the result of a "reasonable professional judgment." Strickland, 466 U.S. at 690. In doing so, the defendant runs up against a strong presumption "that counsel ... rendered adequate assistance." Id. To meet the prejudice prong, the defendant must prove, with "a probability sufficient to undermine confidence in the outcome," that "but for the counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

**B. Kachina's § 2255 Claims**

   **1. Challenges to 18 U.S.C. § 922 (Grounds Two, Four, Five, Eleven, and Twelve)**

Kachina raises numerous challenges to his statute of conviction, 18 U.S.C. § 922(g). As a preliminary matter, these challenges are procedurally barred because Kachina could have raised them on appeal but did not.[2] "Where a defendant has procedurally defaulted a claim by

---

[2] The claims in Grounds Eleven and Twelve, which were raised in Kachina's February 2023 reply brief, are further barred as untimely under § 2255(f). This provision includes a one-year statute of limitations provision that runs from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Kachina's resentencing judgment became final on June 21, 2021, the day the Supreme Court denied his petition for certiorari, yet Kachina did not raise Grounds Eleven and Twelve until February 2023, more than a year and a half later.

failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Lindsey v. United States, 615 F.3d 998, 1000 (8th Cir. 2010) (quoting Bousley v. United States, 523 U.S. 614, 622 (1998)).

Kachina argues his procedural default is excused because he is "actually innocent." Reply at 1. "To establish actual innocence, [a] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Kachina cannot satisfy this standard because the evidence at trial of his guilt was overwhelming. Kachina testified at trial and admitted to possessing the guns. Trial Tr. Vol. II [Docket No. 134] at 292-93. His theory of defense was that he was legally justified in possessing the guns because he feared that others were trying to kill him. Trial Tr. Vol. IV [Docket No. 136] at 548-49. This theory was refuted by evidence that Kachina was buying drugs and providing his location to one of the individuals he claimed was trying to kill him. See Trial Tr. Vol. IV at 523-24; Trial Tr. Vol III [Docket No. 135] at 383-86. The evidence further showed that Kachina had legal alternatives to protecting his life, such as seeking help from the police, but chose instead to possess a gun. Trial Tr. Vol. III at 377-78. The jury rejected Kachina's necessity defense and found him guilty.

In addition to being procedurally barred, the challenges to § 922(g) lack merit. In Ground Two, Kachina argues that Congress exceeded its authority under the Commerce Clause when enacting § 922(g). In Grounds Eleven and Twelve, Kachina argues that § 922(g) violates the Second Amendment. These claims are rejected because "it is well settled that Congress did not violate the Second Amendment or exceed its authority under the Commerce Clause when enacting . . . § 922(g)." United States v. Joos, 638 F.3d 581, 586 (8th Cir. 2011) (citing United

States v. Hill, 386 F.3d 855, 859 (8th Cir.2004) (upholding § 922(g) against Commerce Clause challenge); United States v. Seay, 620 F.3d 919, 925 (8th Cir.2010) (upholding § 922(g) under Second Amendment)).

In Ground Four, Kachina argues that imprisonment is not the least restrictive means of regulating firearms, because the Government has not "presented any evidence that severely punishing a person who intended no harm, but only to defend his own life, is the least restrictive means of obtaining that interest." Reply at 7. This argument appears to be an improper attempt to re-litigate his self-defense argument, which was already raised and rejected in the Kachina I appeal. Additionally, to the extent that Ground Four challenges the reasonableness of Kachina's sentence, the claim fails because a sentence that falls within the maximum authorized by law is not a miscarriage of justice cognizable under § 2255. Sun Bear v. United States, 644 F.3d 700, 706 (8th Cir. 2011). Kachina's 120-month sentence does not exceed the statutory maximum and cannot be challenged in a § 2255 motion on grounds that it is too harsh.

In Ground Five, Kachina argues that § 922(g) violates the presumption of innocence by shifting the burden to defendants to prove that their possession of firearms was for personal safety. Kachina cites no legal authority for this vague and confusing argument, and the Court rejects it.

**2. Ineffective Assistance of Counsel Claims (Grounds Six, Eight, and Nine)**

In Grounds Six, Eight, and Nine, Kachina raises claims of ineffective assistance of counsel. All the claims lack merit because Kachina cannot show that counsel's performance was deficient or that he suffered prejudice from the alleged deficiencies.

7

### a. Ground Six

In Ground Six, Kachina argues that his trial attorney told him he had "nothing to lose" by taking the case to trial, and that but for this advice there is a reasonable probability that Kachina would have pleaded guilty and received a reduced sentence for acceptance of responsibility. 2255 Mot. at 13; Reply at 14.

In circumstances where a defendant proceeds to trial but later argues he would have pleaded guilty, "the defendant must show that but for the ineffective advice of counsel there is a reasonable probability" that: (1) he would have accepted the plea offer; (2) the court would have accepted the plea; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." Lafler v. Cooper, 566 U.S. 156, 164 (2012).

Here, Kachina has consistently maintained that he was justified in possessing a gun, and he continues to maintain his innocence in this 2255 Motion. "A defendant who maintains his innocence at all the stages of his criminal prosecution and shows no indication that he would be willing to admit his guilt undermines his later § 2255 claim that he would have pleaded guilty if only he had received better advice from his lawyer." Hyles v. United States, 754 F.3d 530, 535 (8th Cir. 2014) (quoting Sanders v. United States, 341 F.3d 720, 723 (8th Cir.2003)). Because Kachina refused to plead guilty and continues to insist that he is actually innocent, he cannot show prejudice under Strickland. See United States v. Stevens, 149 F.3d 747, 748 (8th Cir. 1998) (holding that defendant had not shown prejudice under Strickland because "[e]ven if counsel's performance were somehow inadequate, [defendant] failed to establish that there was any reasonable probability that he would have acknowledged his guilt had he been properly advised about the risks of trial").

8

### b. Ground Eight

Kachina also argues that trial counsel was ineffective for failing to investigate threats to Kachina's life that supposedly would have justified his gun possession. This claim fails the prejudice prong of the Strickland test because further investigation would not have changed the outcome of a justification defense.

To establish a justification defense, a defendant must demonstrate an "underlying evidentiary foundation" for each of the following elements:

> 1) he was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury; 2) that he had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to commit a criminal act; 3) that he had no reasonable, legal alternative to violating the law; and 4) that a direct causal relationship may be reasonably anticipated between the commission of the criminal act and the avoidance of the threatened harm.

United States v. El-Alamin, 574 F.3d 915, 925 (8th Cir. 2009). As noted earlier, the evidence at trial showed that Kachina was buying drugs and providing his location information to one of the people he claimed was trying to kill him. Additionally, the evidence showed that Kachina did not pursue legal alternatives to protecting his life such as seeking help from law enforcement. Further investigation into claimed threats on Kachina's life would not have remedied these shortcomings to elements of a justification defense.

### c. Ground Nine

In Ground Nine, Kachina claims that the attorney who represented him during his first resentencing in May 2018 was ineffective for failing to raise arguments about Kachina's mental illness and about sentencing disparities among like defendants with similar conduct. This claim fails because counsel's assistance was well within the range of reasonableness, and because Kachina cannot show prejudice from his counsel's performance. The Court had extensive

information about Kachina's mental health history at the time of the resentencing. Additionally, the Court stated during the resentencing hearing that it "remain[ed] steadfast in my belief that at least 120 months is what is necessary to keep the community safe and serve as just punishment for the serious offense involved here." Resentencing Tr. [Docket No. 168] at 16. The Court's assessment would have been the same even if Kachina's attorney had presented the information and arguments urged by Kachina.[3]

### 3. Suppressed Evidence (Ground Seven)

In Ground Seven, Kachina claims that the Government obtained a proffer from a different defendant in which that defendant "admitted to putting a hit out on Kachina's life." Reply at 17. Kachina argues that the Government suppressed the evidence in bad faith and that he is entitled to a new trial based on the alleged new evidence. Kachina provides no evidence to support these allegations. The claim is dismissed because Kachina's allegations are "unsupported and self-serving and do not establish a basis for relief." Apfel, 97 F.3d at 1077. Additionally, the alleged new evidence does not warrant a new trial because even if it could be proven that Kachina's life had been in danger, the record establishes that he had reasonable legal alternatives to protect his life rather than to possess a gun.

---

[3] Approximately three weeks after filing his reply in support of his 2255 Motion, Kachina filed a motion to amend the facts supporting Ground Nine. See Mot. Amend. [Docket No. 243]. In the motion, Kachina argues that counsel's performance during the May 2018 resentencing was deficient because counsel failed to inform the Court that it could not vary upward from the sentencing guidelines for any reason that was not included in the original Statement of Reasons, pursuant to 18 U.S.C. § 3742(g)(2). The motion to amend is untimely because it was filed weeks after the briefing on the 2255 Motion had been completed. The motion is also futile because § 3742(g)(2) was expressly invalidated by the Supreme Court in Pepper v. United States, 562 U.S. 476 (2011).

### 4. Right to Counsel during Kachina II Appeal (Ground Ten)

In Ground Ten, Kachina argues that he was denied the right to appellate counsel in the Kachina II appeal. In that appeal, Kachina was initially represented by counsel who filed a brief on his behalf. Kachina subsequently filed a motion for leave to proceed pro se, and was given leave to proceed pro se and to file a supplemental pro se brief. Appellate Case 18-2184, Appellant Mot. Proceed Pro Se, 6/06/2019 [Entry ID: 4795441]; Order, 7/31/2019 [Entry ID: 4813731]. In April 2020, the Eighth Circuit ruled on the appeal after considering the arguments raised by counsel and those raised by Kachina pro se. See Kachina II, 810 F. App'x at 476.

Kachina now argues that the case should have been remanded back to the district court for a Faretta hearing before Kachina was allowed to proceed pro se. See Faretta v. California, 422 U.S. 806, 835 (1975) (stating that a defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open") (internal quotations omitted). Kachina contends that his right to appellate counsel was violated and that his sentence must be vacated.

Kachina's right to counsel was not violated. He received appointed counsel and benefitted from that attorney's assistance for his direct appeal of his sentence following remand. The Eighth Circuit considered the arguments made by counsel on Kachina's behalf as well as the pro se arguments made by Kachina when ruling on the appeal. Additionally, there was no need for a Faretta hearing because Kachina had already been advised in his first appeal (Kachina I) about the dangers and disadvantages of proceeding pro se. See Appellate Case 16-4094, Letter, 3/07/2017 [Entry ID: 4509865]. Kachina stated that he was "aware of the dangers and disadvantages of self representation." Appellate Case 16-4094, Letter, 3/13/2017 [Entry ID: 4512390].

**C. Motion for New Trial**

Kachina has also moved for a new trial based on his recorded jail calls, which he describes as "newly discovered evidence." Mot. New Trial [Docket No. 236] at 1. Kachina argues that his jail recorded phone calls are Brady material that was withheld by the Government despite his trial attorney's efforts to obtain the recordings. He asks the Court to order a new trial and to also be provided access to the recordings so that he may listen to them.

The motion for a new trial is denied because it repackages arguments that were raised by Kachina and rejected by the Eighth Circuit in the Kachina I Appeal. See Kachina I, 715 F. App'x at 588 (holding Kachina failed to establish a Brady violation); Appellate Case 16-4094, Appellant Br., 3/29/2017 [Entry ID: 4518764] at 22-44 (arguing the Government withheld jail recorded phone calls in violation of Brady).

## IV. EVIDENTIARY HEARING

An evidentiary hearing is not warranted, as the 2255 Motion and the files and record in this case conclusively show that Kachina is not entitled to § 2255 relief. 28 U.S.C. § 2255(b); Noe v. United States, 601 F.3d 784, 792 (8th Cir. 2010).

## V. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this 2255 Motion differently, or that

any of the issues raised in Kachina's 2255 Motion would be debatable among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

## VI. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Gary Allen Kachina's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 221] is **DENIED**;

2. Kachina's Motion for New Trial and to Turn Over New Evidence [Docket No. 236] is **DENIED**; and

3. Kachina's Motion for Leave to Amend [Docket No. 243] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Dated: May 10, 2023

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT